■ EASTERN MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., Plaintiff, v MARINE MIDLAND BANK, N. A., Appellant, and PAUL J. CHAFFEE, Respondent, et al., Defendants. — Order, insofar as appealed from, unanimously reversed, on the law, without costs, and defendant bank's motion for summary judgment granted. Memorandum: Marine Midland Bank (Bank) is entitled to summary judgment on its cross claim against Paul Chaffee. The Bank and Chaffee entered into a security agreement whereby Chaffee granted the Bank a security interest in his dairy cattle and the products and proceeds thereof. After Chaffee defaulted on his loan, the Bank demanded that Eastern, which had sold milk for Chaffee under a marketing agreement, pay over to the Bank any money it was holding for Chaffee. Eastern commenced this interpleader action, paid the sum it was holding into court and was discharged from the action.

It is patently clear that the proceeds of dairy cattle include the money derived from the sale of milk. Subdivision (1) of section 9-306 of the Uniform Commercial Code defines "proceeds" to

include "whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds." Chaffee's contention that there is a question of fact as to whether the parties intended that the security agreement should cover money from the sale of milk is unavailing since the agreement is unambiguous and absolutely clear on its face. Chaffee's other arguments are similarly lacking in merit. (Appeal from order of Supreme Court, Onondaga County, Shaheen, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.